■ In the Matter of TERESA LORENC, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 1973, which reversed a referee's decision and disqualified claimant from receiving benefits on the ground that she voluntarily left her employment without good cause by provoking her discharge. Claimant, a packing operator for a candy manufacturer, last worked on February 26, 1973. She received disability benefits thereafter since she suffered from a back and kidney ailment. She visited her physician on March 2, 1973 and testified that she was advised not to use public transportation. On March 8, 1973 the employer sent claimant a telegram requesting her to report for examination by the company doctor on the employer's premises the next day. A representative of the employer telephoned claimant the same day to confirm the appointment and was informed that claimant would not be able to keep the appointment as she had to see her own physician on March 9, 1973. There is evidence in the record that the doctor was present on the employer's premises each working day for three hours commencing at 7:30 A.M. Claimant's husband drove her to see her physician on the evening of March 9, 1973. On March 12, 1973 claimant was again informed that an appointment had been made for her with the company doctor for the next day and that if she failed to keep the appointment her job would be in jeopardy. Thereupon, claimant responded that she had been advised by her own doctor not to use public transportation. Claimant testified that the family automobile was not available during the daytime hours as her husband used it to drive to work. Claimant therefore failed to keep the appointment and was subsequently terminated effective March 9, 1973. The referee concluded that " Competent evidence established that claimant was unable to comply with her employer's request because claimant had been medically advised by her physician not to use public transportation which would have been the only available practical means for claimant to reach the employer's destination." The board reversed the referee decision, reasoning that claimant could have used a taxi for the two-mile ride to the employer's premises and her failure to do so provoked her discharge. On this record, there is no evidence of whether the proscription by claimant's physician of the use of public transportation extended to the use of taxicabs or of whether claimant reasonably understood his instructions to exclude the use of taxicabs. Since these questions are obviously vital to a proper resolution of this claim, the record should be further developed to permit intelligent appellate review. In reconsidering its determination upon remittal, the board should consider whether, in light of *Matter of James* (*Levine*) (34 N Y 2d 491), claimant's failure to keep the appointment was tantamount to misconduct under all the circumstances. Decision reversed, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings, with costs. Staley, Jr., J. P., Greenblott, Cooke and Main, JJ., concur; Reynolds, J., dissents and votes to affirm in the following memorandum. Reynolds, J. (dissenting) : I vote to affirm. There is substantial evidence in the record to support the board's finding.